Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Mississippi
### Northern Division


SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV 21 2018
BY_____ARTHUR JOHNSTON_____DEPUTY

Bessie Moore

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Jackson Public School District, Benjamin G. Torrey, II

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. 3:18cv 817- CWR-FKB
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☒ Yes   ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. The Parties to This Complaint

   A. The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Bessie Moore |
   | Street Address | P.O. Box 59213 |
   | City and County | Jackson - Hinds County |
   | State and Zip Code | MS 39284 |
   | Telephone Number | 601.372.1258 |
   | E-mail Address | bmoore1@mc.edu |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Benjamin G. Torrey, II |
| Job or Title *(if known)* | Holmes County Consolidated S. D./ Office of Assessment |
| Street Address | 313 Olive Street |
| City and County | Lexington - Holmes County |
| State and Zip Code | MS 39095 |
| Telephone Number | 662.834.2175 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | JoAnne Nelson Shepherd, Esq. |
| Job or Title *(if known)* | District Counsel for Jackson Public School District |
| Street Address | 662 South President Street |
| City and County | Jackson - Hinds County |
| State and Zip Code | 39201 |
| Telephone Number | 601.960.8700 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

        Telephone Number

        E-mail Address *(if known)*

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Jackson Public School District |
| Street Address | 662 South President Street |
| City and County | Jackson - Hinds County |
| State and Zip Code | MS  39201 |
| Telephone Number | 601.960.8700 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

       *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

       *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

       *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Other federal law *(specify the federal law)*:

☒     Relevant state law *(specify, if known)*:
       MS Code § 97-17-43 (2017)

☐     Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☒ Other acts *(specify)*: Theft of property while on protected leave.

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
9/7/17, 9/11/17, 9/25/17, 9/26/17, 10/30/17, 11/15/17, 2/8/18, 2/9/18, 2/13/18, 2/20/18, 3/20/18

C. I believe that defendant(s) *(check one)*:
- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- ☐ race
- ☐ color
- ☒ gender/sex — female (Prior Charge # 423-2017-02295)
- ☐ religion
- ☐ national origin
- ☒ age *(year of birth)* — 1969 *(only when asserting a claim of age discrimination.)* (Prior Charge # 423-2017-02295)
- ☐ disability or perceived disability *(specify disability)*

_____

E.  The facts of my case are as follows. Attach additional pages if needed.

JPS transferred me to Smith Elementary School abruptly in the fall of 2017, with no plausible explanation. After consulting with District officials on 8/4/17, I filed a charge of discrimination based on age, gender, and retatiliation on 8/7/17 (Charge #423-2017-02295). While serving at Smith, Benjamin Torrey, the principal, began showing aggression toward me as early as 9/7/17. After I had proven my dedication by initiating the undertaking of removing years of clutter from the library and arranging the spaces to be conducive for student learning, I also began implementing the Accelerated Reader program in the manner consistent with several years of professional training and successful implementations. For no apparent reason, the principal became hostile and aggresive. Although Smith had earned a Level D accountability rating, he stated he wanted the teachers to have no responsibility in implementing Accelerated Reader program. I filed an internal complaint against him on 9/25/17, after I suffered verbal abuse and intimidation in a second meeting that he had arranged with only me and the assistant principal present. In this meeting, he ordered me to sit in a particular chair, yelled, and directed me not to speak. The first meeting occurred on 9/11/17, and in this initial meeting, he expressed that he had a problem with my sending out an email to the teachers on 9/7/17, in which I provided the teachers with a customized report that is recommmended (by the vendor) that teachers utilize to track student progress.

Although I informed District officials about my hostile environment and the deterioating working conditions, I was informed that the District would be supporting my aggressor. Subsequently, on 10/30/17, Saundra Lyons, Executive Director of Human Resources, stated the District would take no action since they had approved my medical leave application (effective on 10/06/17). Although I pleaded with them to transfer me and prepare my belongings to be collected from an alternate location, JoAnne Nelson Shepherd, District Counsel, denied my request for an administrative transfer, and closed my internal complaint on 11/15/17. Their failure to act on my behalf emboldened my aggressor to take more pronounced acts against me. After learning that the District would take no immediate action to resolve the hostile environment that the principal had created for me at Smith, I filed a complaint with the EEOC (Charge # 423-2018-00477) on 11/30/18.

While on protected medical leave, Mr. Torrey discarded belongings from my work area which were both personal and job-related, and refused to return a single item, despite constant requests. Upon my return to work on 2/8/18, Mr. Torrey arranged a meeting in the library with me and his assistant principal, Camesha Hatchett; and boasted that he had rearranged the library; and dared me to rearrange anything in the library. After I inquired about my belongings (specifically my mahagony round table and black leather office chair), he arrogantly stated that he had removed those items. When I inquired about why the lock had been changed on one of the entry doors to the library, he stated that he had that changed as well. I moved a pencil sharpener to a table near the student work area, and when I returned the next morning, it had been returned to its former location. Mr. Torrey's actions became more petty and more aggressive.

On 2/9/18, Mr. Torrey and his assistant principal, Ms. Hatchett, literally followed me throughout the building, and peered out the window when I went to my car to call my family. Upon my return to the building, I had to detour into a restroom to get away from them. When I informed Mr. Torrey that my husband had come to collect my personal belongings during my lunch break, Mr. Torrey refused to speak with him, or return any of my items; and went into his office and closed the door.

On 2/13/18, after I had filed an online complaint with the State Auditor's office and had contacted the State Attorney General's office for assistance in regaining my belongings, I was advised to contact the local police; and upon referral to JPS's Campus Enforcement from the Jackson Police Department, the JPS officers (Cmdr. Dunson and Sgt. Palmer) badgered me when I attempted to report the missing items, refused to provide me with a copy of the report, and stated that they could not issue a case number without their chief's authorization. I contacted their chief (Jerry Luckett) via phone for a case number, and he stated he would provide a case number after he speaks with the principal. After receiving no follow-up days later, I contacted Chief Luckett via email on 2/20/18. I received no further communication from Chief Luckett or Campus Enforcement regarding the case number.

The principal continued to harass me when I would try to resume working. On the morning of 3/20/18, the principal asked me to come into his office. With his assistant principal present, he chastised me for taking leave time, gave me a summative evaluation with very low marks, and threatened to place me on an improvement plan with unrealistic deadlines and expectations, although I had no prior infractions.

After I contacted the EEOC to determine my rights regarding recovering my property, they informed me that I could take the stolen property matter to court. After I filed suit to recover my belongings in court, JPS District Counsel's office left a voice message the day before the trial to discuss the return of the property. During the trial, I informed the judge that I was no longer interested in recovering the items that Mr. Torrey had stolen from me (since I had been asking for them with no success for 3 months), but that I was now more concerned with him being held accountable for the egregious act that was perpetrated against me, including financial compensation for the hurt and embarrassment that ensued as a result of his callous and calculating behavior. Consequently, Judge Larita Cooper-Stokes dismissed the trial (Case # 18-1757) without prejudice on 5/9/18 because, at the time, the EEOC was still investigating the harassment charge which was filed before I learned of the theft.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

11/30/17- See Attachment

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)*   8/31/2018   .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Damages for the loss of enjoyment, utility and functionality of personal and work-related supplies and equipment, which hindered my ability to work in the comfort and security with the possessions I have acquired and complete job duties efficiently is $10,000. The actual value of my personal belongings are about $1,200-$1500. A black leather office chair, solid wood mahogany round table, red glass vase, and other miscellaneous items were personal items I brought to work for my own use and enjoyment. I provided a list of the items to JPS's Campus Enforcement on 2/13/18. Furnishings for book storage, a portable presentation board, stepping stool, audiovisual equipment for listening to books with CDs, a plethora of office supplies that I had purchased with Educational Enhancement Funds (EEF), valued at approximately $1,800 - $2,200, were also taken. A book drop bin and book carts that were used to organize and reshelve books were removed, along with tables and other items that I was authorized to bring from my former school are valued at approximately $3,000-$4,500. Many of these items were needed for routine library activities, like checking in and out books, and teaching library classes. The principal's actions were deliberate and malicious, and caused undue hardship and frustrations.

I estimate the value of time loss from work due to emotional distress and continuous harassment, medical expenses, time and resources expended on legal proceedings to be approximately $50,500. The harassing incidences I have endured at my work place has caused me to miss substantial time away from work, exhaust my accrued medical and personal leave, thereby experiencing a significant loss of wages, and incurring medical expenses. I have also had to dedicate substantial resources and time for legal proceedings.

Even after having filed this harassment charge, the District has continued to target me for discriminatory action. JPS has failed to compensate me for the remainder of the time I worked during the 2017-2018 school year; and did not offer me a contract by the end of the 2017-2018 school year, nor did I receive a nonrenwal notice. I discovered that the District had voided my contract when I inquired about working at another location within the District well into the summer. I have referred this matter to the EEOC.

I also request that the court orders Jackson Public Schools to refrain from condoning workplace aggression and hostilities against me through its officers, which has impeded my civil liberties. I ask that the court will take measures to ensure that if JPS continues to permit hurt and harm to befall me via its officers, that the District is held accountable. I ask the court to admonish the District to halt all discriminatory and retaliatory actions against me for simply seeking to work in an environment that is conducive to teaching and learning. I have been employed with the District for 18 years; and I have endeavored to provide a quality learning experience to all of the students whom I have had the pleasure of serving. I have modeled appropriate civic responsibility to my students, and I have encourged them to expose bullies; so it would be hypocritcal of me to tolerate harassment.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/21/2018

Signature of Plaintiff: *[signature]*
Printed Name of Plaintiff: Bessie Moore

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____