# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**BESSIE MOORE**                                                                          **PLAINTIFF**

**V.**                        **CAUSE NO. 3:18-CV-817-CWR-FKB**

**JACKSON PUBLIC SCHOOL DISTRICT**                  **DEFENDANTS**
**BENJAMIN G. TORREY, II**

---

**BESSIE MOORE**                                            **PLAINTIFF**

**V.**                    **CAUSE NO. 3:19-CV-883-TSL-RHW**

**JACKSON PUBLIC SCHOOL DISTRICT**                  **DEFENDANT**

## ORDER

Before the Court is Plaintiff Bessie Moore's *Motion for Consolidation*. Docket No. 119.

During a status conference held on May 8, 2020, and in a text-order entered on May 11, 2020, the Court directed the defendants to file any response to Moore's motion by May 13, 2020. JPS's opposition was filed after this due date, and it did not file a separate motion seeking an extension. Accordingly, JPS's opposition is struck as untimely. The motion is ready for adjudication.

"Consolidating actions is proper when two or more district court cases involve common questions of law and fact and the district judge finds that consolidation would avoid unnecessary costs or delay." *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989) (citations omitted); *see also* Fed. R. Civ. P. 42(a)(1)-(3). "Consolidation is improper if it would prejudice the rights of the parties," *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983), and "may properly be denied in instances where the cases are

at different stages of preparedness for trial," *Mills*, 886 F.2d at 762 (citation omitted). "The fact that a defendant may be involved in one case and not the other is not sufficient to avoid consolidation." *St. Bernard Gen. Hosp., Inc.*, 712 F.2d at 989 (citation omitted). "A trial court has broad discretion in determining whether to consolidate a case pending before it." *Mills*, 886 F.2d at 762 (citation omitted).

These two actions fundamentally involve the same claim: whether JPS retaliated against Moore for filing a charge of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission. Moore alleges the same retaliatory conduct from the first action in the second. The only significant difference is that in the second action Moore claims an additional materially adverse action: JPS's decision not to renew Moore's employment contract.[1]

The cases are asserted under nearly identical theories of recovery (Title VII of the Civil Rights Act of 1964), will likely utilize many of the same witnesses and records, and involve common issues of law and fact. Accordingly, the cases should be consolidated.

The Court hesitates only because the cases are "at different stages of preparedness for trial." *Id.* The second action is at its very early stages, while the first is ready for trial. However, "[c]onsolidation does not merge the suits into a single action or change the rights of the parties or make those who are parties in one suit parties in another; rather, . . . the actions maintain their separate identities." *Mayfield v. American Automobile Ins. Co.*, No. 5:02-CV-256, 2003 WL 21250935, at *1 (N.D. Tex. May 27, 2003) (quotation marks and citations omitted). To ensure no prejudice to the parties, the Court will convene the parties to discuss how consolidation might impact the case going forward.

---

[1] The Court acknowledges that it would have been ideal for Moore to have included JPS's failure to renew her employment contract in the first action. The Court would have ancillary jurisdiction over this additional claim since it "gr[ew] out of an administrative charge that [was] properly before the court." *Gupta v. E. Texas State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981).

Accordingly, IT IS ORDERED that:

1. The above styled cases are hereby consolidated for all purposes, including trial.

2. In accordance with Local Rule 42, the lower numbered case, No. 3:18-CV-817-CWR-FKB, shall be the lead case, and that cause number shall be used for future pleadings and filings for both cases. District Judge Carlton W. Reeves shall be the presiding district judge and Magistrate Judge F. Keith Ball shall be the presiding magistrate judge for the consolidated cases.

3. The Clerk of the Court is directed to make appropriate revisions to the dockets of these cases.

**SO ORDERED**, this the 15th day of May, 2020.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE