IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BESSIE MOORE**                                                              **PLAINTIFF**

**V.**                                                      **CAUSE NO. 3:18-CV-817-CWR-FKB**

**JACKSON PUBLIC SCHOOL DISTRICT;**                              **DEFENDANTS**
**BENJAMIN G. TORREY, II**

_____

**BESSIE MOORE**                                                              **PLAINTIFF**

**V.**                                                      **CAUSE NO. 3:19-CV-883-TSL-RHW**

**JACKSON PUBLIC SCHOOL DISTRICT**                                  **DEFENDANT**

## AMENDED ORDER

Before the Court are Plaintiff Bessie Moore's *Motion for Consolidation*, Docket No. 119, and Jackson Public School District's (JPS) *Motion for Leave to File Sur-Reply to Plaintiff's Reply to Defendant's Response to Motion to Consolidate*, Docket No. 146, and *Motion to Strike*, Docket No. 154. The motions are ready for adjudication.

JPS employed Moore as a librarian starting in August 2000. On August 7, 2017, Moore filed a charge against JPS with the U.S. Equal Employment Opportunity Commission (EEOC) alleging that it had discriminated and retaliated against her after she filed an EEOC charge four years prior. She filed a separate EEOC charge on November 30, 2017, claiming that the retaliation continued. After the EEOC dismissed the November charge and provided a right-to-sue letter, Moore filed Cause No. 3:18-cv-817 (*Moore I*) in this Court *pro se* on November 21, 2018.

Moore filed another EEOC charge on June 27, 2018. She referenced the same conduct alleged in the prior EEOC charges and contended that the retaliation continued, namely that she

"was not tendered an employment contract" by JPS and "the District acted in haste to terminate her employment." After the EEOC dismissed the charge and issued a right-to-sue letter in September 2019, Moore filed Cause No. 3:19-cv-883 (*Moore II*) in this Court, again *pro se*, on December 4, 2019. As reflected above, *Moore II* was assigned to my colleague, Judge Tom Lee.

On April 30, 2020, Moore filed an urgent motion for consolidation.[1] JPS opposes Moore's motion and argues that consolidation would result in costs and prejudice. It contends that *Moore II* introduces new issues of law and fact that may not have been allowed at separate trials and objects to the "extremely high risk of loss of witness availability through relocation, death or otherwise, the fading of memories, and similar obstacles." JPS's sur-reply motion and motion to strike also followed.

"Consolidating actions is proper when two or more district court cases involve common questions of law and fact and the district judge finds that consolidation would avoid unnecessary costs or delay." *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989) (citations omitted); *see also* Fed. R. Civ. P. 42(a)(1)-(3). "Consolidation is improper if it would prejudice the rights of the parties," *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983), and "may properly be denied in instances where the cases are at different stages of preparedness for trial," *Mills*, 886 F.2d at 762 (citation omitted). "The fact that a defendant may be involved in one case and not the other is not sufficient to avoid consolidation." *St. Bernard Gen. Hosp., Inc.*, 712 F.2d at 989 (citation omitted).

"Consolidation does not merge the suits into a single action or change the rights of the parties or make those who are parties in one suit parties in another; rather, . . . the actions maintain their separate identities." *Mayfield v. American Automobile Ins. Co.*, No. 5:02-CV-256, 2003 WL

---

[1] Due to a miscommunication by the Court, the motion was erroneously granted. JPS sought reconsideration, which was granted via Text Order on May 18, 2020.

21250935, at *1 (N.D. Tex. May 27, 2003) (quotation marks and citations omitted). "A trial court has broad discretion in determining whether to consolidate a case pending before it." *Mills*, 886 F.2d at 762 (citation omitted).[2]

These two actions fundamentally involve the same claim: whether JPS retaliated against Moore for filing a charge of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission. Moore alleges the same retaliatory conduct from the first action in the second. The only significant difference is that in the second action Moore alleges an additional materially-adverse action: JPS's decision not to renew Moore's employment contract.[3]

The cases are asserted under nearly identical theories of recovery (Title VII of the Civil Rights Act of 1964), will likely utilize many of the same witnesses and records, and involve common issues of law and fact. That prejudice will necessarily result is substantially in doubt, since "by eliminating duplicate motions on the same issues and eliminating multiple hearings and trials, consolidation will conserve judicial time and resources," minimize the chance of inconsistent judgments, and reduce the cost and expenses of both parties. *Washington v. Univ. of Mississippi Med. Ctr.*, No. 3:11-CV-484-TSL-MTP, 2011 WL 5117129, at *1 (S.D. Miss. Oct. 25,

---

[2] JPS contends that this motion should be decided based on additional factors that several district and magistrate judges have taken into consideration, such as "whether the actions are pending before the same court" and "whether consolidation will result in an unfair advantage." *See, e.g., Equal Employment Opportunity Comm'n v. Faurecia Auto. Seating, LLC.*, No. 3:17-CV-757-DPJ-FKB, 2018 WL 3118705, at *1 (S.D. Miss. June 25, 2018). However, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). The Court applies the relevant Fifth Circuit precedent. Even so, this Court does not believe that consolidation will result in unfair advantage to *Moore* nor to to JPS.

[3] Ideally, Moore would have included JPS's failure to renew her employment contract in the first action. The Court would have ancillary jurisdiction over this additional claim since it "gr[ew] out of an administrative charge that [was] properly before the court." *Gupta v. E. Texas State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981). Rule 42, however, does not require perfection. *See also Haire v. United States*, 101 F. Supp. 2d 478, 481 (N.D. Miss. 2000); *Hosey v. Howard Indus., Inc*, No. 2:20-CV-67-KS-MTP, 2020 WL 4506789, at *3 (S.D. Miss. Aug. 5, 2020). This is not a new concept. A *pro se* plaintiff may not have known, but the experienced counsel for JPS must have. Moreover, "a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in an attempt to achieve non-judicial resolution of employment discrimination claims. By exhausting their administrative remedies by filing formal charges with the EEOC, Title VII plaintiffs initiate this process." *Davis v. Fort Bend Cty.*, 893 F.3d 300, 303 (5th Cir. 2018) (citation omitted). The process had been initiated so there is little doubt that JPS was unaware of this claim.

2011). "Moreover, consolidation would avoid unnecessary costs and delay as" many of the claims raised in *Moore II* have already been disposed of in *Moore I*, "potentially constituting *res judicata* to [the latter suit]." *LaCroix v. Marshall Cty., Miss.*, No. 3:08-CV-92-SA-SAA, 2009 WL 2244593, at \*2 (N.D. Miss. July 27, 2009).

JPS is correct that the two cases are at different procedural stages. However, *Moore I* is not ready for trial. During a status conference with the Court held on May 8, 2020, Moore noted that she was dissatisfied with JPS's discovery responses it produced in response to an Order by Magistrate Judge F. Keith Ball. *See* Docket No. 122. Moore followed up by filing two "Responses" identifying what additional information she claimed was required. *See* Docket Nos. 140-41. Judge Ball construed the filings as motions to compel and dismissed them because Moore failed to ask the Court to set up a discovery conference and seek leave to file the motions as required in the Case Management Order. However, he dismissed the motions without prejudice. To the undersigned, these discovery questions must be clarified in advance of trial. In addition, the notion that we are on the cusp of trial is false. The coronavirus pandemic makes it unlikely that any civil trials will be held in the near future. *See* General Order, No. 3:40-MC-11 (S.D. Miss. Mar. 13, 2020), as extended. Unfortunately, numerous cases, including *Moore I*, whose most recent trial date was August 17, 2020, have been continued and lost their trial dates due to the ongoing crisis. *See, e.g., Jones v. Singh*, No. 3:19-CV-338-CWR-LRA, 2020 WL 4738367, at \*2 (S.D. Miss. Aug. 15, 2020). Given the realities of our national and regional situation, there is ample time for the parties to conduct discovery and complete motion practice on *Moore II* before a consolidated trial, if one is necessary, is held.

As to JPS's sur-reply motion and motion to strike, they both focus primarily on factual disputes that were not considered by the undersigned. Moore also conceded that the filings JPS sought to strike were improper and should be withdrawn. Accordingly, these motions are moot.

Accordingly, IT IS ORDERED that:

1.      The above-styled cases are hereby consolidated for all purposes, including trial.

2.      In accordance with Local Rule 42, the lower numbered case, No. 3:18-CV-817-CWR-FKB, shall be the lead case, and that cause number shall be used for future pleadings and filings for both cases. District Judge Carlton W. Reeves shall be the presiding district judge and Magistrate Judge F. Keith Ball shall be the presiding magistrate judge for the consolidated cases.

3.      The Clerk of the Court is directed to make appropriate revisions to the dockets of these cases.

4.      The parties are directed to contact the chambers of Judge Ball to set up a scheduling order for the consolidated cases.

**SO ORDERED**, this the 24th day of August, 2020.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE