IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BESSIE MOORE**                                                                     **PLAINTIFF**

**V.**                                                    **CAUSE NO. 3:18-CV-817-CWR-FKB**

**JACKSON PUBLIC**                                    **DEFENDANT**
**SCHOOL DISTRICT**

## ORDER

Before the Court are a series of motions: defendant Jackson Public School District's (JPSD) motions to strike [Docket Nos. 203 & 206]; JPSD's Motion to Stay All Proceedings and Extend Time to Respond to Plaintiff's Newest Motion to Amend [Docket No. 213]; plaintiff Bessie Moore's Special Requests to Amend/Correct her Amended Complaint [Docket No. 209]; and plaintiff's Amended Special Requests to Amend/Correct her Amended Complaint [Docket No. 212]. These matters are ready for adjudication.

The facts of this case are well-known to the parties and need not be recited anew. Suffice it to say that plaintiff Bessie Moore has sued her then employer, defendant JPSD, for employment discrimination under Title VII of the Civil Rights Act. Moore now seeks to amend her Complaint after the Court's March 9, 2021, Memorandum Order. Docket No. 200.

As an initial matter, the Court notes that several of the pending motions appear to have been succeeded by subsequent revisions and are therefore due to be denied as moot. Moore's Updated Amended Complaint, [Docket No. 202], filed on March 26, 2021, contains allegations appearing in her Amended Complaint [Docket No. 201], filed four days earlier. Similarly, Defendant's Motion to strike plaintiff's Amended Complaint, [Docket No. 206], appears to contain and add to the arguments appearing in Defendant's Motion to strike [Docket No. 203]. These motions, however, are mooted because Moore has filed two additional requests to amend her

Complaint. *See* Docket Nos. 209 & 212. Consequently, JPSD's motion to strike [Docket Nos. 203 & 206], as well as Moore's Amended Special Request [Docket No. 209], are denied as moot.

The Court now turns to the merits of Moore's latest motion to amend her Complaint. Docket No. 212. Moore seeks to include claims and parties "that became relevant after [her] initial filing." *Id.* at 1. To that end, Moore seeks to add a host of new claims for, among other things, unlawful termination, disparate treatment, and deprivation of her civil and constitutional rights under 42 U.S.C. § 1983. Additionally, she seeks to add the Jackson Public School District Board of Trustees and Dr. Errick L. Greene, who participated as an agent of the district, as defendants. Docket No. 212 at 1. She also asks this Court to "review discovery protocol at the next scheduled conference with regard to conduct before discovery resumes to ensure that similar abuses are not repeated by the Defense." *Id.* at 3.

JPSD contends that the newest request for leave to amend was filed without leave of Court. JPSD further argues that Moore has failed to comply with the Court's Order by asserting new claims, adding new parties, and attempting to add back in claims from her previous EEOC charges, which have already been considered and determined.

JPSD's objections are well-taken. In its previous Order, the Court made clear that it was only granting Moore's request for leave to amend on narrow grounds. The Order allowed her to proceed with claims alleging poor evaluations, threats, and work reassignments. *See* Docket No. 200 at 10 n.6. As such, it was not this Court's intention that Moore would be given free rein to make new allegations.

Moore responds that the Court can consider the entirety of her new amended Complaint, pointing to *Gupta v. E. Tex. State Univ.*, 654 F.2d 411 (5th Cir. 1981), which allowed for an exception to the traditional exhaustion requirement when the retaliation claim grew out of the

earlier charge. However, the *Gupta* exception is limited. The Fifth Circuit has stated that *Gupta* does not apply when a plaintiff alleges discrimination *and* retaliation claims following a previously exhausted discrimination claim. *Simmons-Myers v. Caesars Ent. Corp.*, 515 F. App'x 269, 273-74 (5th Cir. 2013); *see also Sapp v. Potter*, 413 F. App'x 750, 752–53 (5th Cir. 2011) ("Because the *Gupta* exception is premised on avoiding procedural technicalities, it has only been applied to retaliation claims *alone*.") (emphasis added). Indeed, the Court's prior Order specifically limited Moore's unexhausted claims to those of retaliation. Here, in contrast, Moore's latest proposed Complaint seeks to hold JPSD and its officers and proxies, liable for "discriminatory treatment against female employees by initiating and supporting practices that constitute unfair and hostile working conditions for women." Docket No. 212-3 at 10. Worse still, she seeks to add additional claims for violations of her civil and constitutional rights.

Having made the above observations, the Court finds that Moore's proposed amended Complaint is so inundated with unauthorized amendments that it must be denied.[1] As such, this case will proceed under the last authorized Complaint, but only on those claims which remain following the Court's Order at Docket No. 138. In addition, the operative Complaint will include the Complaint which was the subject of this Court's consolidating Order. *See* Docket No. 158; *see also* Docket No. 162, at 1 & n.1 (noting that Moore has sufficiently pled her allegations). JPSD has already filed its Answer. *See* Docket No. 164. The Court notes that there has been some discovery with respect to this consolidation action, but that discovery was stayed. *See* Text Only Order of 3/22/2021. Whether additional discovery is needed is not obvious from the filings.

---

[1] The Court takes no position and makes no rulings or predictions on these new allegations. But the buck must stop somewhere. And here—in light of the extensive discovery that has already taken place, the parties' initial expectations, and the need for the timely resolution of pending claims—the Court believes this is the appropriate place. Moore is free to file these claims in a separate proceeding if she wishes. And, of course, in any such action, JPSD will be permitted to assert all defenses against the allegations that the rules and the law allow.

Therefore, within 10 days, the parties shall contact the Chambers of the Magistrate Judge to schedule a status conference so that appropriate deadlines may be set, including a trial date.[2]

Accordingly, having denied Moore's latest proposed amendments, the Court also denies the defendant's request to stay all proceedings.

In sum, the Court rules on the parties' motions as follows:

1. Defendant's Motion to Strike is denied as moot. Docket No. 203

2. Defendant's Motion to Strike is denied as moot. Docket No. 206.

3. Plaintiff's Special Requests to Amend/Correct her Amended Complaint is denied as moot. Docket No. 209.

4. Plaintiff's Amended Special Requests to Amend/Correct her Amended Complaint is denied. Docket No. 212.

5. Defendant's Motion to Stay All Proceedings and Motion to Extend Time to Respond to Plaintiff's Newest Motion to Amend is denied. Docket No. 213.

**SO ORDERED**, this the 26th day of May, 2021.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff should exercise great caution filing a flurry of new motions regarding adding claims or seeking reconsideration of this Order and the Court's prior Orders. The plaintiff's *pro se* status "offers [her] no impenetrable shield, for one acting *pro se* has no license . . . [to] clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Defendant also should exercise similar restraint. Additional delay benefits no one.