IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BESSIE MOORE**,

*Plaintiff*,

v.

CAUSE NO. 3:18-CV-817-CWR-FKB

**JACKSON PUBLIC SCHOOL DISTRICT**,

*Defendant*.

# ORDER

Before the Court are the Defendant's *Motion for Attorney's Fees, Costs, and Expenses*, the Plaintiff's responses in opposition, and the Defendant's reply. *See* Docket Nos. 373, 375, 377, and 380. Upon review, the motion will be granted in part and denied in part.

**I.     Procedural History**

This dispute traces back almost five years. It concerns multiple lawsuits – *Moore I*, *Moore II*, and *Moore III* – against the same Defendant, Jackson Public School District ("JPS"). In the interest of brevity, the Court will simply point to the Fifth Circuit's factual recitation, *see Moore v. Jackson Public School District*, No. 22-60376, Slip Op. at 2-3 (5th Cir. March 14, 2023), and recount the procedural history relevant to the present motion.

On June 15, 2022, this Court granted the Defendant's motions for summary judgment in *Moore I* and *Moore II*. Docket No. 371. Two weeks later, JPS filed this motion, requesting a total award of $180,391.00 for costs, attorney's fees, and expenses in *Moore I*

and *Moore II*. Docket No. 373. Specifically, JPS requests: 1) costs in the amount of $4,843.50; and 2) attorney's fees in the amount of $175,547.50. *Id.* at 21-22.

**II.    Discussion**

    **A.    Costs**

        **1.    Legal Standard**

Rule 54 of the Federal Rules of Civil Procedure provides that "unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Courts may excuse "a losing party from paying costs only if he brought suit in good faith and can demonstrate at least one of the five factors set forth in *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006)." *Wade v. Peterson*, 416 F. App'x 354, 356 (5th Cir. 2011). Those factors are: "1) the losing party's limited financial resources; 2) misconduct by the prevailing party; 3) close and difficult legal issues presented; 4) substantial benefit conferred to the public; and 5) the prevailing party's enormous financial resources." *Pacheco*, 448 F.3d at 784. "The decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013).

        **2.    Analysis**

Although the Plaintiff litigated this case in good faith, the Court finds that JPS is entitled to recover its costs.

In *Moore I*, the Plaintiff took six depositions of JPS personnel; the Defendant took the Plaintiff's deposition. Docket No. 373 at 13-14. The total cost of court reporter fees and transcripts for these seven depositions totaled $2,150.75. *Id.*

Similarly, in *Moore II*, the Plaintiff took five depositions during discovery; the Defendant again took the Plaintiff's deposition. *Id*. at 5-6. The total cost of court reporter fees and transcripts for these six depositions totaled $2,692.75. *Id*.

The Fifth Circuit's decision in *Fogleman v. ARAMCO*, 920 F.2d 278 (5th Cir. 1991), is instructive. In that case, Mr. Fogleman argued that the costs incurred by the defendant in taking and copying several individuals' depositions should have been prohibited. *Fogleman*, 920 F.2d at 285. The plaintiff reasoned that it was not necessary to obtain a copy of Fogleman's deposition at a "semi-expedited" rate. *Id*. at 286.

Before ruling, the Fifth Circuit pointed to its own previous holdings, finding that "parties are entitled to recover the costs of original depositions and copies under 28 U.S.C. § 1920(2) and § 1920(4) respectively, provided they were 'necessarily obtained for use in the case.'" *Id*. at 285 (quoting *West Wind Africa Line, Ltd. v. Corpus Christi Marine Services Co.*, 834 F.2d 1232, 1237-38 (5th Cir. 1988)). It also noted that "a deposition need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case.'" *Id*. Recognizing that "whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court," the case was remanded as to that issue. *Id*. at 286.

Here, JPS only seeks court reporter fees incurred for depositions in *Moore I* and *Moore II*. A comprehensive review of the record shows that those costs were not incurred for mere convenience; rather, they were necessarily incurred for use in the case. As the prevailing party, the Court finds that JPS is entitled to recover these costs.

### B.   Attorney's Fees

Next, the Court turns to whether JPS is entitled to attorney's fees.

#### 1.   Legal Standard

"When a defendant is the prevailing party on a civil rights claim, . . . district courts may award attorney's fees if the plaintiff's 'claim was frivolous, unreasonable, or groundless,' or if 'the plaintiff continued to litigate after it clearly became so.'" *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 423 (2016) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)).

To determine whether this standard has been satisfied, a district court "should look to factors such as whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court held a full trial." *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991). Claims need not be "airtight to avoid being frivolous, and courts must be careful not to use the benefit of perfect hindsight in assessing frivolousness." *Provensal v. Gaspard*, 524 F. App'x 974, 976 (5th Cir. 2013). This "'stringent' standard for awarding attorney's fees to defendants is intended to ensure that plaintiffs with uncertain but arguably meritorious claims are not altogether deterred from initiating litigation by the threat of incurring onerous legal fees should their claims fail." *Myers v. City of West Monroe*, 211 F.3d 289, 292 n.1 (5th Cir. 2000) (citation omitted).

#### 2.   Analysis

The Court finds *Broussard v. Board of Trustees for State Colleges and Universities* particularly helpful. *See* No. 92-0581, 1995 WL 683858 (E.D.La. Nov. 14, 1995). In that case, the plaintiff filed a lawsuit against the defendants alleging sex discrimination. *Id*. at *2.

The case went to trial, and the defendants ultimately prevailed. *Id*. Immediately thereafter, the defendants filed a motion for attorney's fees, alleging that the plaintiff's claims were frivolous and groundless. *Id*.

The Magistrate Judge determined that the plaintiff's case was not frivolous. First, the court found that the "plaintiff established a prima facie case of sex discrimination" and highlighted that it did not "dismiss [the plaintiff's] case before trial on the basis of the threshold issue." *Id*. Second, the court observed that while the defendants did offer to settle, their offer did not consider a pivotal issue in the case. *Id*. And third, the court pointed out that "the careful consideration given to this case by the Court and jury is some indication that the case was not frivolous." *Id*. Even though the jury found in favor of the defendants, "the plaintiff's case was not so deficient of arguable merit or factual support as to be frivolous within the meaning of *United States v. Mississippi*." *Id*.

Turning to the facts of this case, the second and third factors – whether the defendant offered to settle and whether the court held a full trial – are inapplicable. To this Court's knowledge, JPS never offered to settle, and the case was resolved at the motion for summary judgment stage. Consequently, whether attorney's fees should be awarded to JPS comes down to two assertions: that JPS ultimately prevailed and that the plaintiff failed to establish a prima facie case.

The Fifth Circuit has "consistently held that the ultimate result of a civil rights action cannot be the basis for an award attorney's fees to the successful defendant." *Id.* (citing *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1141 (5th Cir. 1983)). The United States Supreme Court has also emphasized that a finding of frivolity requires that the Court

5

assess the Plaintiff's claim at the time of filing suit and refrain from engaging in post hoc reasoning. *See Christiansburg*, 434 U.S. at 422. The road to litigation is paved with uncertainty. *Id*. ("No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable."). Thus, because "decisive facts may not emerge until discovery or trial," and "[t]he law may change or clarify in the midst of litigation," "a party may have an entirely reasonable ground for bringing suit," "[e]ven when the law or facts appear questionable or unfavorable at the outset." *Id*.

On review, and considering the complete record, the Court concludes that the Plaintiff's claims comprised issues of discrimination and retaliation that were not frivolous. The Plaintiff pled facts sufficient to survive a motion to dismiss, this case was litigated for nearly five years,[1] and it required considerable briefing by both parties. *See Ramirez Group LLC v. Houston Indep. Sch. Dist.*, No. 4:10-cv-4872, 2014 WL 41185742 (S.D. Tex. Aug. 15, 2014) (holding that the plaintiff's claims were not frivolous even though they were dismissed at summary judgment, because the plaintiff's claims survived two motions to dismiss and required hundreds of pages of briefing).

The Court granted in part and denied in part JPS's first *Motion for Summary Judgment*. Docket No. 138. It found that while JPS met its burden as to most of Moore's allegations, JPS "fail[ed] to cite to any cases where the theft of an employees' furniture or similarly valued property was not materially adverse." *Id.* at 7. When the Court

---

[1] The COVID-19 pandemic caused much of the delay in this case. At one time, the matter was scheduled for trial, but like all other trials in the district, this trial was continued.

reconsidered that allegation months later after clarifying the law, JPS cited to new evidence – "that while plaintiff was on FMLA leave, she expressly instructed the JPS Superintendent to transfer her belongings." Docket Nos. 314 at 5-6 and 371 at 4. That newly cited evidence was crucial in this Court's decision to grant summary judgment in favor of JPS.

A hindsight assessment of the Plaintiff's claims at this juncture may indicate some level of frivolity. Such perspective, erroneous as it is, would almost always lead to a finding that one party's failure to survive some stage of litigation renders the losing party's claims frivolous or meritless. That simply is not the standard. The Court is not persuaded that the Plaintiff brought this action for some improper purpose, and although her claims eventually failed, they were not so deficient to be called baseless. Accordingly, it denies the Defendant's request for attorney's fees.[2]

### III.    Conclusion

In sum, the Court finds that JPS is entitled to recover its costs in the amount of $4,843.50. However, the Court also finds that JPS is not entitled to its attorney's fees because the Plaintiff's claims were not frivolous, groundless, or unreasonable. Based on

---

[2] If this Court were to find that attorney's fees were appropriate, it would closely scrutinize the amount of attorney's fees JPS incurred defending this action brought by a pro se litigant. This case was not a complicated Title VII matter. Ms. Moore alleged routine claims of discrimination and retaliation. Justifying incurring more than $140,000 in attorney's fees is a tall task. The Court would have to examine several litigation choices made by counsel in defending JPS. Such an examination would likely reveal that many of these fees should not have incurred.

7

the foregoing, the Defendant's motion is granted in part and denied in part.

**SO ORDERED**, this the 17th day of March, 2023.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE